UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORRIN TYLER COLBOURN, | No. 2:20-cv-1937 CKD P |
| Plaintiff, | |
| v. | ORDER |
| JESS DARNELL, et al., | |
| Defendants. | |

Plaintiff is a Butte County Jail prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's jail trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1    The court is required to screen complaints brought by prisoners seeking relief against a
2 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
3 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
4 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
5 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

6    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
7 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
8 Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
9 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
10 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
11 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
12 Cir. 1989); Franklin, 745 F.2d at 1227.

13    In order to avoid dismissal for failure to state a claim a complaint must contain more than
14 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
15 of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,
16 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
17 statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim
18 upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A
19 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
20 the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.
21 at 678. When considering whether a complaint states a claim upon which relief can be granted,
22 the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and
23 construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
24 U.S. 232, 236 (1974).

25    The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon
26 which relief can be granted under federal law. Plaintiff's complaint must be dismissed. The
27 court will, however, grant leave to file an amended complaint.
28 /////

The primary problem with plaintiff's complaint is that it is not entirely legible and is difficult to understand. If plaintiff choses to file an amended complaint, it must be legibly and coherently written.

While not clear, it appears plaintiff is, at least in part, challenging the arrest which landed him in jail. Plaintiff is informed that in Younger v. Harris, 401 U.S. 37, 45 (1971), the Supreme Court held that when there is a pending state criminal proceeding, federal courts must refrain from interference absent special or extraordinary circumstances. Extraordinary circumstances include "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or situations "where irreparable injury can be shown." Brown v. Ahern, 676 F.3d 899, 903 (9th Cir. 2012) (internal quotation marks omitted) (quoting Carden v. Montana, 626 F.2d 82, 84 (9th Cir. 1980)).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Butte County Sheriff filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an

amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: October 13, 2020

                               CAROLYN K. DELANEY
                               UNITED STATES MAGISTRATE JUDGE

1
colb1937.14